UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP BLACKWOOD,<br><br>        Plaintiff,<br><br>    -against-<br><br>FLORIDA CHILD SUPPORT DISBURSEMENT UNIT; CHRISTINA JOY BUTLER; ORANGE COUNTY COURTHOUSE,<br><br>        Defendants. | 1:20-CV-5017 (LLS)<br><br>TRANSFER ORDER |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, currently held in the Westchester County Jail, brings this *pro se* action against the Florida Child Support Disbursement Unit, Christina Joy Butler (the mother of Plaintiff's child), and the Orange County (Florida) Courthouse. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Florida.

### DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff asserts that the events that are the basis of his claims occurred in the State of New York, but he does not specify where. (ECF 1, at 4.) He lists the addresses for the defendants as being in Apopka, Altamonte, and Orlando, Florida (*see id.* at 3), which are located in Orange or Seminole County, Florida. But because Plaintiff does not allege that the defendants reside in this District, and because he does not provide sufficient facts to suggest that a substantial part of the events or omissions underlying his claims arose in this District, venue does not appear to be proper in this Court under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the

location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded to the plaintiff's choice of forum, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this action. Plaintiff's claims arise from (1) child support that a Florida state court has ordered Plaintiff to pay to Defendant Butler, a Florida resident, (2) attempts by the Florida Child Support Disbursement Unit to collect child-support payments from Plaintiff for Butler, and (3) the suspension of Plaintiff's driver's license due to Plaintiff's failure to pay child support. Most of the underlying events appear to have occurred in Orange or Seminole County, Florida, where the defendants are located; both of those counties fall within the Middle District of Florida. 28 U.S.C. § 89(b). Venue is therefore proper in the United States District Court for the Middle District of Florida. *See* § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court.

This order closes this action.

SO ORDERED.

Dated: July 1, 2020
       New York, New York

                                              Louis L. Stanton
                                                 U.S.D.J.